UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:13-CV-00696-JAR |
| TOWN & COUNTRY MASONRY and TUCKPOINTING, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Amended Motion to Compel. (Doc. No. 29) Plaintiffs seek to compel the Custodian of Records of Defendant Town & Country Masonry and Tuckpointing LLC, to appear for a post-judgment deposition and produce the records requested in Plaintiffs' notice of deposition. Plaintiffs' motion references the memorandum and affidavit of counsel filed with their original motion to compel. (Doc. Nos. 27-1, -2) For the following reasons, the motion will be granted.

**Background**

Plaintiffs filed this action on April 15, 2013, to recover from Defendant Town & Country Masonry and Tuckpointing, LLC ("Town & Country") delinquent fringe benefit contributions pursuant to Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(g)(2) ("ERISA"). Town & Country was served with the summons and complaint on April 29, 2013, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. On May 29, 2013, a Clerk's Entry of Default was issued pursuant to Rule 55(a), Fed.R.Civ.P. (Doc. No. 8) On June 3, 2013, this Court granted Plaintiffs'

1

motion for default order to compel an accounting of Town & Country's payroll records for the period of August 30, 2006 to date. (Doc. No. 9) Town & Country did not submit any documents for an audit or otherwise comply with the Court's June 3, 2013 Order. Plaintiffs then moved for an order finding Town & Country in contempt. The Court held a show cause hearing on Plaintiffs' motion on September 27, 2013. Despite proper notice and personal service on Town & Country's registered agent, Town & Country did not appear at the hearing. The Court granted Plaintiffs' motion and imposed a compliance fine of $200 per day on Town & Country. (Doc. No. 15) The Court also awarded Plaintiffs their attorney's fees and costs for the filing of the motion for contempt in the amount of $1,878.90. (Doc. No. 17)

On October 29, 2014, Plaintiffs moved for default judgment against Town & Country based on a payroll examination covering the period of January 1, 2010 through October 15, 2013, and on untimely submitted contributions for the months of January, February, April, June, and December, 2012; January through May, and August through September, 2013. Plaintiffs also moved for an order requiring Town & Country to submit its monthly report forms and the appropriate contributions and liquidated damages for the months of October 2013 through January 2014. By Order dated October 30, 2014, the Court entered default judgment in favor of Plaintiffs and against Town & Country in the total amount of $198,919.20. The Court also ordered Town & Country to submit its reports and any contributions owed for the period October 2013 through January 2014 within sixty (60) days from the date of the Court's Order. (Doc. No. 26)

**Motion to Compel**

Plaintiffs' motion to compel and the affidavit of attorney Janine M. Martin assert that on November 11, 2014, Plaintiffs sent a notice of post-judgment deposition to Town & Country's

Custodian of Records. The notice required the attendance of Town & Country's Custodian of Records at the offices of Plaintiffs' counsel on December 2, 2014, at 10:00 a.m., and the simultaneous production of certain documents relevant to Plaintiffs' efforts to collect the judgment in this case. The Custodian of Records did not appear at the deposition or otherwise contact Plaintiffs' counsel.

Rule 69(a) of the Federal Rules of Civil Procedure provides that the "process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." Rule 69(a), Fed.R.Civ.P. Rule 69 further provides that the procedure on execution, and in proceedings in aid of execution, "shall be in accordance with the practice and procedure of the state in which the district court is held ... except that any statute of the United States governs to the extent that it is applicable." Id. Finally, Rule 69 provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person, including the judgment debtor, in the manner provided in [the Federal Rules of Civil Procedure] or in the manner provided by the practice of the state in which the district court is held." Id. In the absence of a controlling federal statute, a district court "has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law." Carpenters' District Council of Greater St. Louis and Vicinity v. Vehlewald Const. Co., 2008 WL 544977, at * 1-2 (E.D.Mo. Feb. 25, 2008) (quoting H.H. Robertson Co. v. V.S. DiCarlo Gen. Contractors, Inc., 994 F.2d 476, 477 (8th Cir.1993)).

Plaintiffs seek to take a post-judgment deposition in aid of execution of their judgment. This procedure is appropriate pursuant to Rules 69(a) and 30 of the Federal Rules of Civil Procedure. It appears to the Court from the affidavit of Plaintiffs' counsel that the Custodian of Records of defendant Town & Country was properly noticed for deposition but failed to appear.

Plaintiffs' motion to compel should therefore be granted, and the Custodian of Records of defendant Town & Country Masonry and Tuckpointing, LLC will be ordered to appear for deposition at the offices of Plaintiffs' counsel, and produce the requested documents at the same time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' amended motion to compel [29] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Custodian of Records of Town & Country Masonry and Tuckpointing, LLC, shall appear for a post-judgment deposition and produce the records requested in the notice of deposition dated November 11, 2014, at the offices of Plaintiffs' counsel on **Wednesday, January 28, 2015, at 10:30 a.m.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion to compel [27] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant Town & Country Masonry and Tuckpointing, LLC, at 2346 Palm Street, St. Louis, Missouri 63107-3535.

Dated this 5th day of January, 2015.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**